MOORE VS FANNIN ET AL.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 842).

1. *Clerk of Court—Guardians.*

By Mansf. Dig. § 3462 (Ind. Ter. Ann. St. 1899 § 2358) it is provided that letters of guardianship may be granted by the clerk of the court or his deputy during vacation. By Mansf. Dig. § 3485 (Ind. Ter. Ann. St. 1899, § 2381) the duties and functions of guardians and curators are set out and in sections 3477 and 3478 the appointment of curators is provided for. It is therefore held that the Clerk of the Court had no authority to appoint a curator for a minor during vacation.

2. *Statute.*

Where a statute gives the court authority to perform a certain act, such authority cannot be transferred to any officer of the court unless it is expressly permitted by the statute.

Error to the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, August 31, 1905.

Petition for mandamus by E. A. Moore against E. J. Fannin and another. From a judgment denying the writ, petitioner brings error. Affirmed.

At the spring term, 1905, of the Poteau division of the Central judicial district of Indian Territory, plaintiff filed his petition for mandamus against defendants, and represents, first, that plaintiff, plaintiff in error here, resides in said Poteau division, and also defendant Brink, and that defendant Fannin resides in the South McAlester division of said court, and that at all the times hereinafter mentioned the United States Court for said Poteau division has been in vacation; that petitioner is a male citizen over the age of 21; second, that Wilson

Christy is the father of Adam Christy, a minor 2 years old; that said minor is possessed of an estate in land of the value of $1,041.28; that Wilson Christy is the natural guardian of said minor, but that no guardian or curator has been appointed for his estate by any court; that it is necessary that a guardian or curator should be appointed for said minor by a court having jurisdiction thereof, in order that his said estate may be handled and his property preserved; third, that defendants - Fannin and Brink are the duly appointed clerk and deputy clerk of the Poteau division; fourth, that on August 15, 1905, Wilson Christy renounced his right to be appointed guardian or curator of the estate of said minor, and requested the court or clerk of said Poteau division to appoint petitioner guardian or curator of the estate of said minor, whereupon petitioner presented his petition to defendant Brink, asking to be appointed curator of said estate, also bond as required by law, but that defendant Brink filed same, but refused to appoint petitioner curator as requested, declaring that under the law he was without power or authority to do so, and stated his reasons in writing, which were approved by the other defendant herein, "in all of which your petitioner says that the said defendants, in their official capacity, as aforesaid failed in their duty as clerks of this honorable court, to the great injury and damage of your petitioner," that petitioner was entitled to be appointed curator of the estate of said minor by said Brink, and that the action devolving upon him was purely ministerial in its character, and involved no element of discretion, and that defendants were wholly in error in their construction of the law, and that it deprives your petitioner and said minor child of a legal right; sixth, that the law imposes a ministerial duty upon said defendants to appoint petitioner said curator, subject to the confirmation or rejection by the court, and asks the court "to issue its most gracious writ of mandamus to the said defendants, ordering and directing them to appoint in vacation your petitioner

curator of the estate of said Adam Christy, minor, and to grant letters of curatorship to your petitioner over the estate of said minor, subject to the confirmation or rejection of the court, as in duty bound your petitioner will ever pray."

The defendants, in answer to said petition, make findings as follows:

"(1)  I find that you are a bona fide male citizen of the Poteau Division, Central Judicial District of the Indian Territory, and fully qualified from a moral and business point of view to be appointed curator of the estate of said child.  (2)  I find that it is the express wish and desire, made of record by a renunciation and request in writing, in due form, of the father and natural guardian of said minor, that you shall be appointed curator of his estate.  (3)  I find that he has an estate situated in the Indian Territory, and that the management and care of such estate requires the appointment of a curator or guardian by the United States Court, and that none has heretofore been appointed.  (4)  I find that the petition filed by you is in due form, and that the bond is in due form, and that the surety therein is sufficient.  Upon the facts hereinabove stated, and upon the record presented, I would appoint you curator, as prayed for in vacation, but for the conclusion of law hereinafter stated.

"Conclusion:  I conclude that chapter 73 of Mansfield's Digest, and especially sections 3462, 3477, and 3478, do not authorize the clerk of the court to appoint a curator, but, on the other hand, restrict that power and right to the court.  Believing that I am without power to make the appointment, I have to decline to do so."

Defendants also file demurrer to said petition, as follows: " 'Now come the defendants, E. J. Fannin, clerk, and S. G. Brink, deputy clerk, and demur to plaintiff's petition, because the same does not state facts sufficient to constitute a cause of action,' which was signed by the defendants and properly

indorsed." On August 31, 1905, said motion for mandamus, with defendant's demurrer to same, came on for hearing in open court, and the court, after petitioner refused to amend, rendered the following judgment: "It is therefore considered, ordered, and adjudged by the court that the petition and motion filed by the plaintiff are not sufficient in law and are therefore refused, and it is further ordered and adjudged that the demurrer filed by the defendants be, and the same is, in all things sustained, to which ruling and judgment of the court the plaintiff in open court excepted, and declined to amend his petition therein. Whereupon it was ordered by the court that said petition be and is hereby dismissed, that the defendants, E. J. Fannin, clerk, and S. G. Brink, deputy clerk, go hence without day, and that they have and recover of and from the plaintiff, E. A. Moore, all their costs in this behalf laid out and expended, for which let execution issue, to all of which the plaintiff then and there excepted." On same day petitioner files petition for writ of error, and assignment of errors, which are as follows: "Comes now the plaintiff, and files the following assignment of errors, upon which he will rely in the prosecution of the writ of error in the above-entitled cause: First. That the United States Court in the Indian Territory for the Central Judicial District, South McAlester Division, erred in sustaining the demurrer interposed by defendant, and defendants in error, to the petition for mandamus filed in said cause, and by holding and deciding that the facts stated in said petition filed were not sufficient to constitute a cause of action in plaintiff's petition for mandamus attempted to be set forth. Second. That said court erred in overruling the motion of plaintiff, now plaintiff in error, for a mandamus against defendants in error, upon plaintiff's petition for a mandamus filed in said cause. Third. That the said court erred in dismissing plaintiff's petition for a mandamus, and in rendering judgment against the plaintiff for costs, and says that said judgment is contrary to law and the facts as

stated in the pleadings in said cause. Wherefore the plaintiff, in order that the foregoing assignment of errors may be and appear of record, presents the same to the court, and prays that such disposition be made thereof as in accordance with the law and the statutes of the United States in such cases made and provided, and plaintiff prays a reversal of the orders and judgments aforesaid made and entered by said court."

Writ of error was allowed by the Honorable W. H. H. Clayton, Judge. Due return was made by the clerk, and citation to defendants issued by Hon. W. H. H. Clayton, associate justice of the Court of Appeals, and on September 7, 1905, the record was filed in the office of the clerk of this court.

A. G. Mosely, for defendant in error.

E. J. Fannin, pro se.

TOWNSEND, J. (after stating the facts as above). This case comes before this court on the demurrer of defendant to plaintiff's petition, and the only question at issue is as to the authority of the clerk of the court, in vacation, to grant letters of curatorship. It is conceded by both sides that the clerk is authorized to grant letters of guardianship in vacation, unde section 3462 of Mansfield's Digest (Ind. Ter. Ann. St. 1899, § 2358), but it is contended by defendant in error that this authority does not extend to the granting of letters of curatorship. Plaintiff in error contends that the general rule is that a curatorship is a guardianship, limited in its nature, confined to the estate of the minor, and that the term guardianship is broad enough to and does cover the term curatorship, and that, therefore, the authority given by legislative act to the clerk to grant letters of guardianship in vacation gives also authority to grant letters of curatorship. Section 3462 is the only provision of the statute that grants the power of appointment to the clerk, and guardians alone are mentioned. The section is as follows: "The clerk of the court of probate, either in person or by deputy, shall in vacation have power to grant letters of guardianship,

subject to the confirmation or rejection of the court." Section 3485 of Mansfield's Digest (Ind. Ter. Ann. St. 1899, § 2381) defines the duties and functions of guardians and curators, and is as follows: "The guardian of the person, whether natural or legal, shall be entitled to the charge, custody and control of the person of his ward, and the care of his education, support and maintenance. The curator shall have the care and management of the estate of the minor, subject to the superintending control of the court; and the guardian of the person and estate of the minor shall have all the powers and perform all the duties both of a guardian of the person and curator." From this section it seems that some distinction is made in the Arkansas statute between guardians and curators. In sections 3477 and 3478 appointments of curators are provided for by the court. The sections are as follows:

"Sec. 3477. When a minor shall be entitled to or possessed of any estate not derived from the parent who shall be the natural guardian at the time, and it shall be suggested to the court that such parent is incompetent to the care of such estate, or is mismanaging or wasting the same, the court may issue a notice to such person to appear before it at a stated time, and show cause why a curator shall not be appointed or chosen; and, if on due notice no sufficient cause be shown, the court shall appoint a curator for the management of such estate for the minor, if under fourteen years of age, or, if over that age, admit the minor to choose one in the same manner and subject to the same restrictions as provided for the choice or appointment of guardians for minors over that age.

"Sec. 3478. Whenever the court shall be satisfied that it will be for the advantage of minors to appoint a curator of the estate different from the guardian of the person, it shall be lawful to make such separate appointment for minors under fourteen years of age, and for minors over that age to make such separate choice, subject to the approval of the court;

and all guardians or curators shall be allowed to prosecute and defend for the minors in all matters committed to the care of such guardians and curators respectively, without further evidence in the several courts of the state."

In these sections it will be noticed, as above stated, that appointments of curators are provided for by the court, and no mention is made of any authority to make such appointments being vested elsewhere. Where authority to perform some specific act is given by legislative enactment to a court, the power cannot be delegated to some officer of the court, unless authorized by the act. In Broom's Legal Maxims, 839, it is said: "Nor can an individual clothed with judicial functions delegate the discharge of these functions to another, unless as in the case of a county court judge he be expressly empowered to do so under specified circumstances; for the ordinary rule is that, although a ministerial officer may appoint a deputy, a judicial officer cannot." In Sutherland on Statutory Construction, § 325, it is said: "Sec. 325. 'Expressio unius est exclusio alterias.' This maxim, like all rules of construction, is applicable under certain conditions to determine the intention of the lawmaker when it is not otherwise manifest. Under these conditions it leads to safe and satisfactory conclusions; but otherwise the expression of one or more things is not a negation or exclusion of other things. What is expressed is exclusive only when it is creative, or in derogation of some existing law, or of some provisions in the particular act. The maxim is applicable to a statutory provision which grants originally a power or right. In such cases the power or right originates with the statute, and exists only to the extent plainly granted. The right while inchoate, and the power so far as not exercised, cease, if the statute be repealed, and if the statute provides the mode in which they shall be exercised that mode must be pursued and no other. This conclusion is almost self-evident; for, since the statute creates and regulates, there is no

ground for claiming or proceeding except according to it. In other words, where a statute gives a new right and prescribes a particular remedy, such remedy must be strictly pursued, and the party is confined to that remedy. 'The rule is certain,' said Lord Mansfield, 'that where a statute creates a new offense, by prohibiting and making unlawful anything which was lawful before, and appoints a specific remedy against such new offense (not antecedently unlawful), by a particular sanction and particular method of proceeding, that particular method must be pursued and no other.' Where a statute authorizes a public work, and points out a mode in which parties injured thereby may obtain compensation, that remedy is exclusive; and the scope of the remedy or points of compensation are confined to the statutory limits. In Arkansas the whole subject of interest, so far as regards contracts for the payment of money, express or implied, was regulated by statute, and it was held these provisions excluded its allowance in other cases than those enumerated. * * *" And in section 431: "Sec. 431. 'Casus omissus.' It will be seen by the foregoing illustrations of liberal construction that, where language has received an expansive construction, it has been to effect the intention of the lawmaker not to give the statute an effect beyond the intention or to supply the defects of the statute. It results from the judicial function of expounding the law as it is that the courts cannot extend it to meet a case which has clearly and undoubtedly been omitted to be provided for. As the judicial committee said in Crawford vs Spooner: 'We cannot aid the Legislature's defective phrasing of an act. We cannot add and amend, and, by construction, make up deficiencies which are left there.' In other words, the language of statutes, but more especially of modern acts, must neither be extended beyond its natural and proper meaning, in order to supply defects, nor strained to meet the justice of an individual case. If the language is plain, precise, and unambiguous, there is no

·room for construction; and the particular intention so expressed is alone to be carried into effect. A statute of Connecticut, which validated deeds executed and acknowledged in any other state 'in conformity with the laws of such state,' was held not to apply to a deed of land situated in that state, executed in New York and acknowledged before a Connecticut commissioner, defective by the laws of Connecticut, if executed there, for having but one witness. In order to extend a statute by equitable construction beyond its letter, it must be collected from the act that the wrong sought to be redressed was one of the consider-ations for passing it; otherwise, it is a casus omissus which a court of law cannot supply. Where an act denies to one class of suitors a remedy or defense which others enjoy, it will not be extended by equitable construction to cases not specified in it, unless the court is satisfied the case is within the mis-chief or occasion that was in the mind of the Legislature at the time of its passage. A statute in Maine provided that 'hereafter when any woman possessed of property, real or personal, shall marry, such property shall continue to her notwithstanding her coverture, and she shall have, hold and possess the same as her separate property, exempt from any liability for the debts or contracts of her husband.' It was held that under this statute she could not make sales and purchases of·property. The court, by Shepley, J., said: 'It was the intention of the Legislature, as the title of the act declares, to secure to married women their rights in property, and it should receive such a construction as will make that intention effectual, so far as it can be done consistently with the established rules of law.' But courts of justice can give effect to legislative enactments only to the extent to which they may be made operative by a fair and liberal construction of the language used. It is not their province to supply defective enactments by an attempt to carry out fully the purposes which may be supposed to have occasioned those enactments. This would be an assumption by the judicial of the duties of the legislative department."

Considering in the light .of the above authorities the fact that clerks of court "shall in vacation have power to grant letters of guardianship," they would seem to be debarred from the exercise of any power not specifically granted to them by statute, or delegated to them by the court, and hence are without power to appoint a curator of the estate of a minor.

The judgment of the court below is affirmed.

GILL, C. J., and LAWRENCE, J., concur.